IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID SMITH,

      Plaintiff,

vs.

D. LETOURNEAU, et al.,

      Defendants.

No. 2:11-2808 EFB P[1]

ORDER AND
FINDINGS AND RECOMMENDATIONS

    Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Defendants LeTourneau and Silva move to dismiss for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, defendants' motion must be denied.

**I.    Background**

    This action proceeds on the complaint filed on October 24, 2011. Dckt. No. 1. Plaintiff alleges that he has a medical condition that causes him to be sensitive to the sun. *Id.* § IV. Sun exposure allegedly causes plaintiff to pass out. *Id.* For this reason, a doctor allegedly provided

---

[1] Defendants failed to respond to the court's order filed on May 24, 2012, Dckt. No. 13, directing that they complete and return the form indicating either their consent to jurisdiction of the magistrate judge or request for reassignment to a district judge. Accordingly, the clerk will be directed to randomly assign this case to a district judge

plaintiff with an accommodation chrono, indicating that plaintiff's job assignment should not include working around heights, prolonged exposure to the sun, or heat in excess of 90 degrees. *Id.* at § IV, and 11.  However, plaintiff was allegedly assigned to work in the sanitation yard crew, which primarily involves work outside in the sun. *Id.* § IV.  According to plaintiff, he told defendants LeTourneau and Smith about his medical condition and his related work restrictions. *Id.*

Defendant Smith allegedly responded by telling plaintiff that plaintiff's supervisor (LeTourneau) needed to contact Silva in order for plaintiff to be unassigned from his job. *Id.* When plaintiff followed up with Silva, Silva allegedly responded that when he had the time he would "get around to it." *Id.* However, plaintiff alleges that Silva chose not to unassign plaintiff from his work assignment because of his animus toward prisoners. *Id.*

Defendant LeTourneau allegedly responded by informing plaintiff that he would take care of the paperwork to get plaintiff excused from work. *Id.* However, on November 9, 2010, LeTourneau allegedly ordered plaintiff to work in the sun, and issued plaintiff a rules violation report when plaintiff refused. *Id.* Then, on November 16, 2010, LeTourneau again allegedly requested that plaintiff report to work. *Id.* (also referring to Exhibit D of inmate appeal attached to complaint at page 16, where plaintiff wrote that "it was very hot and very sunny" on November 16).  Plaintiff claims he reported to work and felt dizzy, had a headache, and nausea. *Id.* The next day, while performing his duties at work, plaintiff allegedly reported to LeTourneau that he was feeling ill, and subsequently passed out and hit his head. *Id.*

Plaintiff claims that defendants were deliberately indifferent to his medical needs by failing to unassign him from the sanitation yard crew, which caused plaintiff to suffer "serious pain." *Id.* Plaintiff seeks $2000 in damages. *Id.*

**II.    Rule 12(b)(6) Standard**

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must

2

contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969).

The court may additionally consider facts established by exhibits attached to the complaint, facts which may be judicially noticed, and matters of public record, including pleadings, orders, and other papers filed with the court. *Durning v. First Boston Corp*., 815 F.2d 1265, 1267 (9th Cir. 1987); *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987); *Mack v. South Bay Beer Distribs*., 798 F.2d 1279, 1282 (9th Cir. 1986).

Similarly, the court may disregard allegations contradicted by the complaint's attached exhibits and is not required to accept as true allegations contradicted by judicially noticed facts. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir.1998); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). However, the court's liberal interpretation of a pro se litigant's pleading may not supply essential elements of a claim that are not pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). The court need not accept unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A pro se litigant is, however, entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

**III.    Analysis**

Plaintiff claims that defendants deprived him of his right to be free from Cruel and Unusual Punishment under the Eighth Amendment because they were deliberately indifferent to his serious medical need.

A prison official violates the Eighth Amendment's proscription of cruel and unusual punishment where he or she deprives a prisoner of the minimal civilized measure of life's necessities with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "An official's deliberate indifference to a substantial risk of serious harm to an inmate – including the deprivation of a serious medical need – violates the Eighth Amendment." *Conn v. City of Reno*, 572 F.3d 1047, 1054-55 (9th Cir. 2009). To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. *Id.* at 1055, quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat plaintiff's condition

4

could result in further significant injury or the unnecessary and wanton infliction of pain. *Conn*, 572 F.3d at 1055. An officer has been deliberately indifferent if he was actually aware of the plaintiff's serious medical need and did not reasonably respond to the risk. *Id.* at 1056; *Farmer*, 511 U.S. at 828, 844-45.

Defendants argue that the complaint fails to state a claim against them because they did not require that plaintiff work during the summer, and because LeTourneau did not require that plaintiff work until November, when the outside temperature was below 90 degrees. Whether or not it was summer or was below 90 degrees may be relevant at a later stage in the proceedings, when determining whether plaintiff's constitutional rights were in fact violated. For purposes of the pleading stage, however, defendants' argument fails. Plaintiff alleges he has a condition that makes him pass out when exposed to the sun, that a doctor determined that he should not have prolonged exposure to the sun, that defendants forced him to work in the sun, and that as a result, he passed out, hit his head, and felt serious pain. *See* Dckt. No. 1 at § IV, 11 (Ex. B). Based on plaintiff's allegations, he has adequately alleged a violation of his Eighth Amendment rights regardless of whether it was summer or the temperature was below 90 degrees.

Defendants also argue that the complaint fails to state a claim because it shows that in March of 2011, when plaintiff returned to work, defendant Silva provided accommodations for sun and heat. Plaintiff's alleged injury, however, occurred in November of 2010. While Silva's alleged actions in March of 2011 may be relevant to whether or not Silva had an "animus towards prisoners," as plaintiff alleges, it does not provide a basis for dismissal of plaintiff's claim.

Next, defendants argue that the complaint fails to allege an injury sufficient to rise to the level of a constitutional violation. Defendants contend that exhibits to the complaint show that plaintiff did not complain of pain after passing out, that there was no trauma or bleeding, that medical staff found that plaintiff's vitals were normal, and that plaintiff was in no apparent distress in the days after the incident. The exhibits that defendants rely on, however, also

support plaintiff's claimed injury. They show that plaintiff was found passed out and face down on cement, and that when he was seen by medical staff he was holding his head. Dckt. No. 1 at 45-46 (Ex. T). Defendants' argument also fails to take full account of plaintiff's allegations, which show that in addition to experiencing nausea and dizziness, plaintiff hit his head when he passed out and experienced "serious pain." *Id.* at § IV. Defendants' argument that the complaint fails to allege a sufficient injury lacks merit.

Finally, defendants contend that plaintiff's claim is moot because he suffered no harm and has been reassigned from the sanitation yard crew. As set forth above, however, the complaint alleges sufficient harm, and plaintiff seeks damages for that harm. Plaintiff's claim is not moot.

For these reasons, defendants have not provided a persuasive argument for dismissing plaintiff's claim against them and their motion to dismiss must be denied.

**IV.   Order and Recommendation**

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a United States District Judge to this case.

Further, it is hereby RECOMMENDED that defendants' July 27, 2012 motion to dismiss (Dckt. No. 15) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 22, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6