1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID SMITH,

11          Plaintiff,                    No. 2:11-cv-2808 WBS EFB P

12      vs.
                                          ORDER OF REFERRAL FOR
13   D. LETOURNEAU, et al.,               SETTLEMENT WEEK AND SETTING
                                          SETTLEMENT CONFERENCE
14          Defendants.
                                          June 11, 2013, 9:00 a.m.
15 _____/

16          Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C.

17   § 1983.  The court has determined that this case will benefit from a settlement conference;

18   therefore, this case will be referred to Magistrate Judge Kendall J. Newman for the court's

19   Settlement Week Program to conduct a settlement conference at the U. S. District Court, 501 I

20   Street, Sacramento, California 95814 in Courtroom No. 25 on June 11, 2013 at 9:00 a.m.  A

21   separate writ of habeas corpus ad testificandum will issue forthwith.

22          In accordance with the above, IT IS HEREBY ORDERED that:

23          1.  This case is set for a settlement conference before Magistrate Judge Kendall J.

24   Newman on June 11, 2013, at 9:00 a.m. at the U. S. District Court, 501 I Street, Sacramento,

25   California 95814 in Courtroom No. 25.

26   ////

1

1    2.  A representative with full and unlimited authority to negotiate and enter into a

2  binding settlement on defendants' behalf shall attend in person.[1]

3    3.  Those in attendance must be prepared to discuss the claims, defenses and

4  damages.  The failure of any counsel, party or authorized person subject to this order to appear in

5  person may result in the imposition of sanctions.  In addition, the conference will not proceed

6  and will be reset to another date.

7    4.  The parties are directed to exchange non-confidential settlement statements

8  seven days prior to this settlement conference.  These statements shall simultaneously be

9  delivered to the court using the following email address: kjnorders@caed.uscours.gov.  Plaintiff

10  shall either mail or deliver his settlement statement to the Clerk's Office, located on the 4th Floor.

11  If a party desires to share additional confidential information with the court, they may do so

12  pursuant to the provisions of Local Rule 270(d) and (e).

13  DATED:  April 2, 2013.

14  _____
EDMUND F. BRENNAN

15  UNITED STATES MAGISTRATE JUDGE

16

17

18

19

---

20    [1]The term "full authority to settle" means that the individuals attending the mediation
conference must be authorized to fully explore settlement options and to agree at that time to any
21  settlement terms acceptable to the parties. *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*,
871 F.2d 648, 653 (7th Cir. 1989), *cited with approval in Official Airline Guides, Inc. v. Goss*, 6
22  F.3d 1385, 1396 (9th Cir. 1993).  The individual with full authority to settle must also have
"unfettered discretion and authority" to change the settlement position of the party, if
23  appropriate. *Pittman v. Brinker Int'l., Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003), *amended on
recon. in part*, *Pitman v. Brinker Int'l, Inc.*, 2003 WL 23353478 (D. Ariz. 2003).  The purpose
24  behind requiring the attendance of a person with full settlement authority is that the parties' view
of the case may be altered during the face to face conference. *Pitman*, 216 F.R.D. at 486.  An
25  authorization to settle for a limited dollar amount or sum certain can be found not to comply with
the requirement of full authority to settle. *Nick v. Morgan's Foods, Inc.*, 270 F. 3d 590, 596-97
26  (8th Cir. 2001).

2